**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-61849-SINGHAL/STRAUSS**

**JOEL BRADY,** *individually*
*and as personal representative of*
*the Estate of Casheve Brady, et al.,*

      Plaintiffs,

v.

**SHERIFF GREGORY TONY,**
*in his official capacity as Sheriff of*
*Broward County, et al.,*

      Defendants.

_____/

## DISCOVERY ORDER

THIS MATTER came before the Court upon Defendant Anthony Campo's Motion to Overrule Plaintiffs' Asserted Privilege to Request for Production Number One and Compel Production of the Private Autopsy Report and Materials [DE 56] (the "Motion"). District Judge Raag Singhal has referred all discovery matters to me for appropriate disposition. [DE 27] at 5. I have reviewed the Motion, Plaintiffs' Response [DE 57], and all other pertinent portions of the record. For the reasons discussed below, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs' allegations include a claim for wrongful death. [DE 56] at 1; [DE 34] ¶ 1. The decedent's cause of death is thus disputed and central to the case. *Id.* at 1-2. A medical examiner for Broward County previously performed an official autopsy on the decedent. [DE 57] at 2. After the medical examiner for Broward County completed the autopsy, Plaintiffs retained a forensic pathologist for the completion of a private autopsy. *Id.* According to Plaintiffs, the pathologist

was retained for a private autopsy at the direction of legal counsel. *Id.* Plaintiffs state, "Critically, but for counsel's direction, the decedent's family would not have sough a second, private autopsy at all." *Id.* Plaintiffs assert that the private autopsy was a "targeted, litigation-driven investigation undertaken to assess potential claims and develop case strategy." *Id.* Plaintiffs represent that the procedure was not a routine medical procedure. *Id.*

During this litigation, Defendant Anthony Campo ("Defendant") served a request for production on Plaintiffs that requested the private autopsy report. [DE 56] at 2. Rather than produce anything related to the private autopsy, Plaintiffs instead asserted the work-product doctrine, the attorney-client privilege, and the consulting-expert privilege. *Id.* In the Motion, Defendant concedes that the private autopsy report and related materials are fact work product, *id.* at 3, but argues that, because the decedent's body has been buried, he cannot conduct an independent autopsy, *id.* at 2-3. Defendant thus asks for the Court to overrule Plaintiffs' objections and compel the production of the private autopsy report and related materials. *Id.* Plaintiffs respond that the private autopsy report is protected work product and consulting expert material, that Defendant cannot establish substantial need or undue hardship, and that no exceptional circumstances exist. [DE 57] at 2-7. The Court agrees with Plaintiffs.

## ANALYSIS

The Motion will be denied because Defendant has not met his burden to show substantial need and undue hardship under Rule 26(b)(3) or his burden to show exceptional circumstances under Rule 26(b)(4).

"Fact work product is subject to discovery 'only upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other

2

means." *Cohen v. Gulfstream Training Acad., Inc.*, 249 F.R.D. 385, 387 n.4 (S.D. Fla. 2008) (citing Fed. R. Civ. P. 26(b)(3)); *Holladay v. Royal Caribbean Cruises, Ltd.*, 333 F.R.D. 588, 592 (S.D. Fla. 2019) ("Factual work product may be subject to discovery upon the showing of a 'substantial need' and the inability to obtain substantially equivalent evidence by other means without undue hardship."); *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984) (citing *In re Int'l Sys. & Controls Corp.*, 693 F.2d 1235, 1240-41 (5th Cir. 1982)). "A non-exhaustive list of factors are assessed in determining substantial need including: (1) the importance of the materials to the party seeking them for case preparation, (2) the difficulty the party will have obtaining them by other means, and (3) the likelihood that the party, even if he obtains the information by independent means, will not have the substantial equivalent of the documents he seeks." *Holladay*, 333 F.R.D. at 592 (quoting *Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1229-30 (S.D. Fla. 2018)); *see also F.T.C. v. Boehringer Ingelheim Pharm., Inc.*, 778 F.3d 142, 155 (D.C. Cir. 2015) ("[A] moving party's burden is generally met if it demonstrates that the materials are relevant to the case, the materials have a unique value apart from those already in the movant's possession, and 'special circumstances' excuse the movant's failure to obtain the requested materials itself.").

"Additionally, those parties seeking discovery of facts known or opinions held by consulting experts who are not expected to be called as trial witnesses have the heavy burden of demonstrating the existence of exceptional circumstances." *Spirit Master Funding, LLC v. Pike Nurseries Acquisition*, LLC, 287 F.R.D. 680, 686 (N.D. Ga. 2012) (first citing *In re Shell Oil Refinery*, 132 F.R.D. 437, 442 (E.D. La. 1990); and then citing *Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. P'ship*, 154 F.R.D. 202, 206-07 (N.D. Ind. 1993)); *see* Fed. R. Civ. P. 26(b)(4)(D); *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 283 n.28 (11th Cir. 2009).

3

"The exceptional circumstances requirement has been interpreted by the courts to mean an inability to obtain equivalent information from other sources." *Spirit Master Funding*, 287 F.R.D. at 686-87 (citations omitted).

Here, Defendant's Motion fails to demonstrate either exceptional circumstances or substantial need and undue hardship. The Motion will therefore be denied. For starters, although Defendant acknowledges the proper standard for one of the exceptions under Rule 26(b)(4)(D) is "exceptional circumstances," *see* [DE 56] at 3, Defendant never actually argues that it meets this exception, *see id.* at 3-4 (arguing only that private autopsy report is fact work product and that there is substantial need and undue hardship). The Court cannot simply assume Defendant's argument that it meets Rule 26(b)(3) applies with equal force to Rule 26(b)(4). Specifically, nothing provided by Defendant suggests that the requirements of "substantial need" and "undue hardship" under Rule 26(b)(3) are coextensive with the requirement of "exceptional circumstances" under Rule 26(b)(4), especially where Rule 26(b)(3) conditions itself as being "subject to Rule 26(b)(4)." Fed. R. Civ. P. 26(b)(3)(A).

Even looking beyond this defect, Defendant has not established that exceptional circumstances exist. Importantly, Rule 26(b)(4) states that Defendant may only receive discovery from Plaintiffs' consulting expert "on showing exceptional circumstances under which it is impracticable for [Defendant] to obtain facts or opinions *on the same subject* by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii) (emphasis added). The Broward County autopsy plainly is on "the same subject," i.e., the decedent's cause of death, even if it does not contain the precise details or conclusions that Plaintiffs' consulting pathologist's report does.

Defendant also has not demonstrated substantial need and undue hardship under Rule 26(b)(3). Again, Defendant acknowledges that the private autopsy report is fact work product, so

the only issue before the Court is whether Defendant has shown that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).[1]  Although the decedent's cause of death is an important issue in the case and the decedent's body is no longer available, Defendant still has not shown the existence of substantial need and undue hardship.  This case is not one where an opposing party is gatekeeping the only evidence demonstrating critical facts based on the work-product doctrine.  *Cf., e.g.*, *Johnson v. Westgate Vacation Villas, LLC*, No. 617CV2141ORL37GJK, 2018 WL 7461685, at \*4 (M.D. Fla. Oct. 23, 2018) (holding that plaintiffs demonstrated substantial need and undue hardship because incident report was "the only contemporaneous account of what happened" and relevant persons could not be located for depositions).  As Plaintiffs rightly point out (and Defendant does not dispute), a medical examiner for Broward County already completed a complete forensic autopsy and related report that Defendant can access.  *See* [DE 57] at 5.  So forensic evidence exists to establish the foundational issue of the decedent's cause of death, meaning there is no necessity for the private autopsy report.

Indeed, Plaintiffs' disclosed expert, Dr. Michael Freeman, does not even rely on the private autopsy report of the undisclosed consulting expert to form his opinion on cause of death.  *See* [DE 57-2] at 5.  Dr. Freeman instead relies on other materials that are not disputed in the instant Motion to identify supposed deficiencies in the cause-of-death opinions rendered by the medical examiner for Broward County.  *See id.*  Because Defendant can access the same materials, it cannot be said that there exists substantial need for additional facts that may be contained in the private autopsy report.  That some of the things potentially contained in the private autopsy report are

---

[1] The Court assumes that the private autopsy report is otherwise withing the scope of discovery. *See* Fed. R. Civ. P. 26(b)(3)(A)(i).

relevant is simply not enough.  *See U.S. Sec. & Exch. Comm'n v. Herrera*, 324 F.R.D. 258, 267 (S.D. Fla. 2017) ("Substantial need cannot be overcome simply with an argument that documents are relevant and will assist in bolstering a party's affirmative defenses." (quoting *Beaubrun v. GEICO Gen. Ins. Co.*, No. 16-24205-CIV, 2017 WL 1738117, at *5 (S.D. Fla. May 4, 2017))). And Defendant provides nothing in the Motion indicating that it cannot hire an expert to examine similar materials and render an opinion on them.  Therefore, no undue hardship in obtaining similar evidence exists.

## CONCLUSION

For the reasons discussed above, it is **ORDERED AND ADJUDGED** that the Motion [DE 56] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of March 2026.

Jared M. Strauss
United States Magistrate Judge

6